PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVEN CUNNINGHAM, | ) |
|                   Plaintiff, | ) CASE NO. 4:25-cv-452 |
| v. | ) JUDGE BENITA Y. PEARSON |
| STATE FARM FIRE | ) |
| AND CASUALTY COMPANY | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
|                   Defendant. | ) [Resolving ECF No. 7] |

Pending before the Court is Plaintiff's Motion to Remand. ECF No. 7. The motion is fully briefed. *See* ECF No. 8; ECF No. 9. For the following reasons, the Court grants Plaintiff's Motion to Remand.

**I. Background**

On March 13, 2023, Plaintiff filed a civil lawsuit against Defendant in Trumbull County Court of Common Pleas alleging breach of contract regarding Defendant's denial of insurance coverage for damage to Plaintiff's chimney caused by fire event at his residence. *See* Mot. to Remand, ECF No. 7; Compl., ECF No. 7-1. In August 2024, after discovery closed, Plaintiff filed an Amended Complaint that included a second claim for breach of duty of good faith and fair dealing, and bad faith. ECF No. 7-2. Defendant subsequently retained new counsel (ECF No. 7-3) and then filed an Amended Answer to the Amended Complaint. ECF No. 7-4. The state court scheduled the case for trial to occur on January 22, 2025. ECF No. 7-5. On November 6, 2024, Defendant filed a motion for leave to reopen discovery for the limited purpose of deposing Plaintiff's two expert witnesses relating to Plaintiff's second claim. ECF

(4:25-CV-452)

No. 7-6. On January 17, 2025, the state court granted Defendant's motion to reopen discovery. ECF No. 7-7. At that time, the parties also notified the assigned magistrate that Plaintiff intended to voluntarily dismiss the Amended Complaint pursuant to Ohio Civ.R. 41(A) and refile the Amended Complaint under the Ohio Savings Statute (Ohio Rev. Code § 2305.19). ECF No. 7-8. Plaintiff dismissed and refiled the lawsuit on February 6, 2025. ECF No. 1-3. On March 6, 2025, Defendant's removed the case under 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b)(1). ECF No. 1.

## II. Standard of Review

A defendant may remove a civil action filed in state court under 28 U.S.C. § 1441, when there is either diversity jurisdiction, pursuant to 28 U.S.C. § 1332, or the claims involve a federal question, as defined in 28 U.S.C. § 1331. Notice of removal must be filed within 30 days after a defendant receives the initial pleadings through service (or otherwise) or notice that a previously unremovable case is now removable. 28 U.S.C. § 1446(b)(1) and (b)(3). A party seeking removal bears the burden of establishing its right to removal. *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Application of "the removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* at 549-50 (citing *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)); *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017) (citing *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)).

## III. Discussion

The parties disagree on whether Plaintiff's voluntary dismissal of his case under Ohio Civ.R. 41(A) and subsequent refiling of the same action revived Defendant's opportunity to remove the case under 28 U.S.C. § 1446(b). As explained below, Plaintiff's refiled action is

2

(4:25-CV-452)

merely a continuation of litigation that has been ongoing in state court since March 2023 and, therefore, Defendant's removal is untimely.

Defendant argues that Plaintiff's refiling of the action restarted the 30-day clock to remove the case under 28 U.S.C. § 1446(b). ECF No. 8. In support of its argument, Defendant points to an unpublished case from the Northern District of Ohio, *Loftus v. North Wind Portage, LLC*, No. 3:21-cv-1778, 2022 WL 19741 (N.D. Ohio Jan. 3, 2022). Although the *Loftus* court remanded the case under the "rule of unanimity," (*see id.* at *2), it rejected the plaintiff's argument that because her refiled action was merely a continuation of the prior action, the 30-day removal period did not restart. *Id.* at *1. The court noted that "[w]hen a complaint is voluntarily dismissed without prejudice, as was the First Complaint, in the eyes of the law it is as if the action had never been filed." *Id*. (quoting *Smith v. Kyphon, Inc.*, No. CIV. A. 3:08cv0329, 2008 WL 2566429, at *2 (M.D. Tenn. June 24, 2008)) (internal quotations omitted).

Plaintiff retorts that his refiled action is merely a continuation of years-long litigation and that Defendant's removal is untimely. Plaintiff frames Defendant's removal under the "revival of removal" doctrine, (*see* ECF No. 9), a judicially created exception to the 30-day removal period that provides, in certain narrow circumstances, a defendant who has initially waived removal may "revive" their right to remove and restart the 30-day removal period. *See Johnson v. Heublein Inc.*, 227 F.3d 236, 241-42 (5th Cir. 2000) (the 30-day removal period is "revived" when "the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit"); *cf. Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982) (declining to apply the doctrine because the amended complaint did not alter the character of his due process and equal protection claims from the initial complaint). *See also* 14C FED. PRAC. & PROC. JURIS. § 3731 ("Some circuits have

3

(4:25-CV-452)

adopted a doctrine pursuant to which in 'exceptional circumstances' the court may permit removal even when defendants fail to comply fully with Section 1446(b) within the 30-day removal period.").

The "revival of removal" doctrine is generally applied to amended complaints, although some courts have analyzed and declined to apply it in the context of refiled actions. *O'Donnell v. Hanover Ins. Grp.*, No. 1:25-cv-875, 2025 WL 2021651, at *3 (N.D. Ohio July 18, 2025). In an analogous case from the Eastern District of North Carolina, the court considered whether the defendants' removal was timely after the plaintiff voluntarily dismissed their amended complaint and then refiled the same day. *Korzinski v. Jackson*, 326 F. Supp. 2d 704, 705-06 (E.D.N.C. 2004). The court noted that:

> Federal court decisions interpreting § 1446 reflect a pragmatic approach to the thirty-day limit for removal that does not favor removal under circumstances of this case where the "new action" commenced is no more than a formality and a continuation, in all other respects, of the original action.

*Id.* at 706. Recognizing that the parties had completed substantial discovery and that the state court had scheduled the case for trial prior to removal, the district court concluded that permitting defendants to remove the case would contravene the purpose behind the 30-day limit because the refiled complaint "only nominally served to commence a new action, but in substance was only a continuation of the previous action, without change." *Id.* at 707. In reaching this conclusion, the *Korzinski* court relied, in part, on the statute's policy considerations of: (1) preventing defendants from adopting a "wait and see" strategy to removal, and (2) avoiding delay and duplication of judicial resources. *Id*. The court explained that "removal in this case would interfere with litigation that had already substantially progressed in state court, thereby raising federalism concerns." *Id*.

4

(4:25-CV-452)

Although the Sixth Circuit has not addressed the "revival of removal" doctrine, some district courts within this circuit have assessed the exception and declined to apply it using similar logic to that relied on in *Korzinski*. See *State ex rel. Slatery v. Tenn. Valley Auth.*, 311 F. Supp. 3d. 896, 908 (M.D. Tenn. 2018) (declining to apply the doctrine to an amended complaint because the original case was not "abandoned . . . or twisted [ ] into some fundamentally unrecognizable creature."); *Warren v. State Farm Mut. Auto. Ins. Co.*, No. 06-15054, 2007 WL 1267579, at *5 (E.D. Mich. Apr. 30, 2007) (remanding the case because it "appear[ed] to be a continuation of an established lawsuit because both cases involve[d] the exact same parties, same medical provider, and same type of bills . . . that [were] once against being denied by Defendant State Farm."). Another court in this district has also recently addressed the "revival of removal" doctrine in the context of a refiled action. See *O'Donnell*, 2025 WL 2021651. In *O'Donnell*, the defendant removed the case after plaintiff voluntarily dismissed the state-court action and then refiled the same complaint against the same defendant. *Id*. at *1-2. The district court remanded the case, concluding that "when there are two identical actions against the same defendant and facts alleged in the initial action revealed that either diversity or federal question jurisdiction existed and the defendant failed to remove within the required 30 days, his subsequent attempt to remove the second action is rejected as untimely." *Id* (quoting *Estate of Wines by Wines v. Blue Cross Blue Shield of Mich.*, No. 12-10906, 2012 WL 13013370, at *7 (E.D. Mich. June 18, 2012)). See also 14C FED. PRAC. & PROC. JURIS. § 3731 ("[A]n amendment of the complaint will not revive the period for removal if the state-court case previously was removable but the defendant failed to exercise the right to remove. The result will be the same *when any other change occurs . . .*") (emphasis added). In summary, when the underlying claims of the

5

(4:25-CV-452)

prior action are essentially the same as the new action, the defendant's right to remove is not revived.

      Here, the refiled action is essentially a continuation of the prior action. The refiled complaint is virtually identical to Plaintiff's Amended Complaint, and Defendant has answered it. *Compare*, Refiled Am. Compl. ECF No. 1-3, *with* Am. Compl. ECF No. 7-2; Am. Answer to Am. Compl., ECF No. 7-4. Permitting Defendant a second bite at the removal apple would fly in the face of the policy considerations underlying the 30-day removal cutoff to avoid delay and duplication of judicial resources. Significant discovery relating to Plaintiff's claims has been completed in the state-court proceedings. *See* Mot. to Remand, ECF No. 7; Reply in Supp. Mot. to Remand, ECF No. 9. Moreover, summary judgment has been fully briefed before the state court, and, but for the trial court reopening discovery for the limited purpose of deposing two expert witnesses, this case was ready for a trial scheduled for January 2025. *See* Tr. Notice, ECF No. 7-5; Mot. to Reopen Disc., ECF No. 7-6; Order Reopening Disc., ECF No. 7-7; ECF No. 9. Defendant had notice that the original action was removable in March 2023 and failed to remove then. ECF No. 7. Plaintiff refiling the same action, with the same claims, against the same defendant, involving the same underlying facts does not revive Defendant's right to remove.

### IV. Conclusion

      For the reasons stated above, Plaintiff's Motion to Remand (ECF No. 7) is granted, and the action is remanded to the Trumbull County Court of Common Pleas.

      IT IS SO ORDERED.

| August 29, 2025 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

6